STATE OF LOUISIANA

VERSUS

ASHLEY L. REED

NO. 25-KH-2

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

January 16, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** ASHLEY L. REED

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE R. CHRISTOPHER COX, III, DIVISION "B", NUMBER 22-4483

---

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Marc E. Johnson

**WRIT DENIED**

Relator, Ashley Reed, seeks this Court's supervisory review of the trial court's November 14, 2024 ruling which denied her Motion to Reconsider Probation Revocation, and the trial court's December 5, 2024 ruling which denied her Motion for New Trial on the Order Denying the Motion to Reconsider Probation Revocation. For the following reasons, we deny the writ application.

On March 28, 2023, relator pled guilty to aggravated battery in violation of La. R.S. 14:34. She was subsequently sentenced to two years imprisonment at hard labor. Relator's sentence was "deferred" and she was placed on two years of active probation. On November 7, 2023, a Motion and Order for Hearing to Revoke Probation was filed in relator's case in the trial court after a warrant for her arrest was issued for domestic abuse battery-strangulation. Following hearings on November 30, 2023 and December 13, 2023, the trial court found that relator violated her probation because she failed to "refrain from criminal conduct." The trial court thereupon sentenced relator to two years imprisonment with the Department of Corrections. Relator sought supervisory

review of this ruling with this Court, and on March 22, 2024, this Court denied her writ application, finding:

> Under the facts of this case and considering the testimony and evidence presented at the revocation hearings, we find that the trial judge did not abuse his discretion in determining that defendant violated her probation conditions by failing to refrain from criminal conduct. Further, we find that the evidence presented supports the trial court's factual finding that defendant's conduct constituted commission of the felony crime of domestic abuse battery by strangulation in violation of La. R.S. 14:35.3(L) sufficient to support the revocation of defendant's probation. See La. C.Cr.P. art. 901.

*See State v. Reed*, 24-KH-13 (La. App. 5 Cir. 3/22/24) (unpublished writ disposition).

Subsequently, on October 16, 2024, relator filed a Motion to Reconsider Probation Revocation, seeking reconsideration of her probation revocation based on the subsequent reduction of her charge for domestic abuse battery to a misdemeanor offense. On November 14, 2024, the trial court denied the motion, noting that in this Court's writ disposition, it pointed out that the trial court revoked relator's probation based on her actions and her failure to refrain from criminal conduct, not simply based upon her new arrest.

Thereafter, on November 19, 2024, relator filed a Motion for New Trial on the Order Denying the Motion to Reconsider Probation Revocation, requesting that the trial court vacate its November 14, 2024 ruling and set a hearing on relator's Motion to Reconsider Probation Revocation. On December 5, 2024, the trial court denied relator's motion for new trial, finding that relator did not meet the requirements for a motion for new trial and her probation revocation was previously reviewed by this Court.

In this writ application, relator re-urges her claim that the trial court erred by revoking her probation. Relator argues that her probation officer testified during the revocation hearing that he would not have filed a motion to revoke relator's probation if she was not charged with a felony offense. Since her arrest for a felony offense was subsequently reduced to a misdemeanor after her probation was revoked, relator argues

the trial court erred by not reconsidering the revocation of her probation, or, in the alternative, conducting a hearing on the matter.

Upon review, we find no error in the trial court's rulings. As noted, this Court previously reviewed the trial court's ruling revoking relator's probation. This Court considered the transcripts of the revocation hearings, wherein the trial court noted that although the district attorney had not yet made a decision on what, if any, charges to pursue against relator, the trial court still found that relator had violated the terms of her probation. Following this Court's disposition, relator did not file a writ application with the Louisiana Supreme Court. If relator's current writ application is considered an application for rehearing, it is untimely as it was filed more than fourteen days after March 22, 2024—the date this Court rendered judgment in 24-KH-13. *See* Uniform Rules–Courts of Appeal, Rule 2-18.2(1). Additionally Uniform Rules–Courts of Appeal Rule 2-18.7 allows for a rehearing a writ only after it has been granted on the merits. Finally, to the extent that relator filed a motion for new trial pursuant to the interests of justice, citing La. C.Cr.P. art. 851(B), a probation revocation hearing is not part of a criminal prosecution. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759-60, 36 L.Ed.2d 656 (1973); *see also* La. C.Cr.P. art. 853, which provides that a "motion for a new trial must be filed and disposed of before sentence."

Accordingly, we find no error in the trial court's rulings denying relator's Motion to Reconsider Probation Revocation and Motion for New Trial on the Order Denying the Motion to Reconsider Probation Revocation. This writ application is denied.

Gretna, Louisiana, this 16th day of January, 2025.

**JGG**
**FHW**
**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **01/16/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 25-KH-2

### E-NOTIFIED
24th Judicial District Court (Clerk)
R. Christopher Cox, III (DISTRICT JUDGE)
Thomas J. Butler (Respondent)          Anthony L. Glorioso (Relator)

### MAILED
Brittany Beckner (Respondent)
Honorable Paul D. Connick, Jr.
(Respondent)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053